UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IMHOFF INVESTMENT, LLC, a Michigan
limited liability company, individually, and as
the representative of a class of similarly
situated persons,

Case No. 2:10-CV-10220
Hon. Avern Cohn

        Plaintiff,

v.

RODNICK BROS., INC., RODNICK FRUIT
AND GIFT BASKETS, INC., and RODNICK
INTERNATIONAL, LLC,

        Defendants.

---

JASON J. THOMPSON (P47184)
SOMMERS SCHWARTZ
Attorney for Plaintiff
2000 Town Center, Ste. 900
Southfield, MI 48075
(248) 335-0300
jthompson@sommerspc.com

JOHN G. MITCHELL (P39892)
SECREST WARDLE
Attorney for Defendants
30903 Northwestern Highway
P.O. Box 3040
Farmington Hills, MI 48333
(248) 851-9500
jmitchell@secrestwardle.com

---

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION

NOW COME Defendants, Rodnick Bros., Inc., Rodnick Fruit and Gift Baskets, Inc., and

Rodnick International, LLC, by and through their attorneys, Secrest Wardle, and for their Motion to

Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction, state as follows:

1.      Plaintiff Imhoff Investment, LLC filed this purported class action on or about January

18, 2010, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

2.      Specifically, Plaintiff claims that Defendants Rodnick Bros., Inc., Rodnick Fruit and

Gift Baskets, Inc., and Rodnick International, LLC (collectively "Rodnick"), violated the Act by

sending an advertisement to Plaintiff's fax machine on or about July 21, 2006, without its prior express invitation or permission.

3.      Plaintiff also alleges that, "on information and belief," Rodnick sent similar, unsolicited faxes to at least 39 other recipients.

4.      Plaintiff alleges that this Court has subject matter jurisdiction over its claim pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, as well as 28 U.S.C. § 1331.

5.      Contrary to Plaintiff's jurisdictional allegations, this Court lacks subject matter jurisdiction over its claim as the Telephone Consumer Protection Act grants the states exclusive jurisdiction over private causes of action authorized by the Act. *ErieNet, Inc. v. Velocity Net, Inc.,* 156 F.3d 513 (3rd Cir. 1998).

6.      Moreover, this Court lacks subject matter jurisdiction over Plaintiff's claim under § 1331 because the Telephone Consumer Protection Act is a more specific statute granting exclusive jurisdiction elsewhere. *Connors v. Amax Coal Co., Inc.,* 858 F.2d 1226 (7th Cir. 1998).

WHEREFORE Defendants, Rodnick Bros., Inc., Rodnick Fruit and Gift Baskets, Inc., and Rodnick International, LLC, respectfully request that this Court enter an order dismissing Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) in accordance with the foregoing, together with an award of costs, interest and attorney fees incurred in defending this action.

Respectfully submitted,

**SECREST WARDLE**

By:  /s/ John G. Mitchell
JOHN G. MITCHELL (P39892)
Attorney for Defendants
30903 Northwestern Highway
P.O. Box 3040
Farmington Hills, MI 48333
(248) 851-9500
jmitchell@secrestwardle.com

Dated: May 10, 2010

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
<u>COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

**TABLE OF CONTENTS**

Table of Authorities                                                                         4

Introduction                                                                                6

Standard of Review                                                                          6

Law and Argument                                                                            7

I.      This Court lacks subject matter jurisdiction over
        Plaintiff's claim, and its Complaint must therefore
        be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).                                   7

        A.  The Telephone Consumer Protection Act,
            47 U.S.C. § 227, does not grant this Court
            subject matter jurisdiction over Plaintiff's claim.                             8

        B.  28 U.S.C. § 1331 does not grant this Court
            subject matter jurisdiction over Plaintiff's claim.                             12

Conclusion                                                                                  14

TABLE OF AUTHORITIES

## Cases

*American Well Works Co. v. Layne & Bowler Co.,*
241 U.S. 257 (1916) ........................................................................... 12

*Answers in Genesis of KY, Inc v. Creation Ministries Intern, Ltd.,*
556 F.3d 459 (6th Cir. 2009) ............................................................... 6

*APB Assocs., Inc. v. Bronco's Saloon, Inc.,*
2010 U.S. Dist. LEXIS 19301 (E.D. Mich 2010) ........................... 11, 12

*Boelens v. Redman Homes, Inc.,*
748 F.2d 1058 (5th Cir. 1984) ............................................................. 13

*Brill v. Countrywide Home Loans, Inc.,*
427 F.3d 446 (7th Cir. 2005) ............................................................... 11

*Chair King, Inc. v. Houston Cellular Corp.,*
131 F.3d 507 (5th Cir. 1997) ............................................................ 9, 11

*Charvat v. GVN Michigan, Inc.,*
561 F.3d 623 (6th Cir. 2009) ............................................................... 11

*Connors v. Amax Coal Co., Inc.,*
858 F.2d 1226 (7th Cir. 1998) ............................................................. 11

*Dun-Rite Construction, Inc. v. Amazing Tickets, Inc.,*
2004 U.S. App. LEXIS 28047 (6th Cir. 2004) ................................. 10, 12

*ErieNet, Inc. v. Velocity Net, Inc.*
156 F.3d 513 (3rd Cir. 1998) .................................... 7, 8, 9, 10, 12, 13

*Foxhall Realty Law Offices, Inc. v. Telecomms. Premium Servs., Ltd.,*
156 F.3d 432 (2nd Cir. 1998) .............................................................. 11

*Franchise Tax Board v. Construction Laborers Vacation Trust,*
463 U.S. 1 (1983) ............................................................................... 12

*Int'l Science & Tech. Inst., Inc. v. Inacom Comm., Inc.,*
106 F.3d 1146 (4th Cir. 1997) ..................................................... 7, 8, 9, 11

*Kokkonen v. Guarding Life Ins. Co. of Am.,*
511 U.S. 375 (1994) ............................................................................. 6

*Machesny v. Lar-Bev of Howell,*
2010 U.S. Dist. LEXIS 19315 (E.D. Mich. 2010)                    11, 12

*Mars Inc. v. Kabushiki-Kaisha Conlux,*
24 F.3d 1368 (Fed. Cir. 1994)                                          13

*Merrell Dow Pharmaceuticals v. Thompson,*
478 U.S. 804 (1986)                                                   13

*Murphy v. Lanier,*
204 F.3d 911 (9th Cir. 2000)                                          11

*Nicholson v. Hooters of Augusta, Inc.,*
136 F.3d 1287 (11th Cir. 1998)                                       9, 11

*Owen Equip. & Erection Co. v. Kroger,*
437 U.S. 365 (1978)                                                    8

*Sheldon v. Sill,*
49 U.S. 441 (1850)                                                  6, 8, 9

*Virgin Islands Housing Auth. v. Coastal General Constr. Serv. Corp.,*
27 F.3d 911 (3rd Cir. 1994)                                           13

**Statutes**

28 U.S.C. § 1331                                            6, 8, 12, 13, 14

47 U.S.C. § 227                                                  6, 7, 8, 9

**Court Rules**

Fed. R. Civ. P. 12                                              6, 7, 8, 14

## INTRODUCTION

Plaintiff Imhoff Investment, LLC filed this purported class action on or about January 18, 2010, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227.  Specifically, Plaintiff claims that Defendants Rodnick Bros., Inc., Rodnick Fruit and Gift Baskets, Inc., and Rodnick International, LLC (collectively "Rodnick"), violated the Act by sending an advertisement to Plaintiff's fax machine on or about July 21, 2006, without its prior express invitation or permission.  Plaintiff also alleges that, "on information and belief," Rodnick sent similar, unsolicited faxes to at least 39 other recipients.

Plaintiff alleges that this Court has subject matter jurisdiction over its claim pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, as well as 28 U.S.C. § 1331.  As discussed below, however, it is clear that federal district courts lack subject matter jurisdiction over private causes of action under the Telephone Consumer Protection (and, by extension, 28 U.S.C. § 1331).  As such, this Court must dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1).

## STANDARD OF REVIEW

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte.*"  *Answers in Genesis of Ky, Inc. v. Creation Ministries Intern, Ltd.,* 556 F.3d 459 (6th Cir. 2009).  Federal courts are courts of limited jurisdiction, and their jurisdiction over a matter depends on an act of Congress.  Put differently, federal district courts have only that jurisdiction granted to them by Congress through statute.  *Sheldon v. Sill,* 49 U.S. 441 (1850).  Because federal courts are courts of limited jurisdiction, there is a general presumption against federal jurisdiction which the plaintiff bears the burden of rebutting.  *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375 (1994).

LAW AND ARGUMENT

I.   **This Court lacks subject matter jurisdiction over Plaintiff's claim, and its Complaint must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).**

The Telephone Consumer Protection Act ("TCPA" or the "Act"), 47 U.S.C. § 227, was enacted by Congress in 1991 as part of the Federal Communications Act to "deal with an increasingly common nuisance—telemarketing." *ErieNet, Inc. v. Velocity Net, Inc.,* 156 F.3d 513 (3rd Cir. 1998). The TCPA prohibits the use of various marketing devices and techniques, including, *inter alia,* sending unsolicited advertisements to fax machines. 47 U.S.C. § 227(b). The TCPA permits the states to bring civil actions in the federal court on behalf of their residents for violations of the Act. 47 U.S.C. § 227(f). The TCPA also creates a private right of action:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, *bring in an appropriate court of that State—*
>
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such a violation,
>
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) both such actions.

47 U.S.C. § 227(b)(3) (emphasis added).

When faced with private causes of action for violation of the TCPA filed in federal court, the courts have been forced to "consider the unique…question of whether federal district courts have jurisdiction over consumer lawsuits brought under a federal statute that creates a private cause of action, is silent as to whether such actions can be brought in federal courts, but expressly refers consumer claims to state courts." *ErieNet, supra.* It is well-settled that a district court's jurisdiction depends on an act of Congress. As the court recognized in *Int'l Science & Tech Inst., Inc. v Inacom Communications, Inc.,* 106 F.3d 1146 (4th Cir. 1997), "[w]hile Article III of the Constitution

authorizes judicial power of 'cases, in law and equity, arising under' … the Constitution, laws, and treaties of the United States, the district courts have only that jurisdiction that Congress grants through statute." *Id.,* citing *Sheldon v Sill,* 49 U.S. 441 (1850).

In this case, Plaintiff alleges that this Court has subject matter jurisdiction over its claim pursuant to the TCPA, 47 U.S.C. § 227, as well as 28 U.S.C. § 1331.  In considering whether this Court has jurisdiction over Plaintiff's claim, it must keep in mind the "fundamental precept that federal courts are courts of limited jurisdiction.  The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *ErieNet, supra,* quoting *Owen Equip. & Erection Co. v. Kroger,* 437 U.S. 365 (1978).  As discussed below, with the exception of the Seventh Circuit, every circuit court to have considered this question— including the Sixth Circuit—has held that federal district courts lack subject matter jurisdiction over private causes of action brought under the TCPA.  Rather, Congress gave the states exclusive subject matter jurisdiction over such actions, and Plaintiff's Complaint in this case must therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### A. The Telephone Consumer Protection Act, 47 U.S.C. § 227, does not grant this Court subject matter jurisdiction over Plaintiff's claim.

Dating back to at least 1997, federal circuit courts that have considered whether federal district courts have subject matter jurisdiction over private causes of action brought under the TCPA have routinely held that they do not.  Instead, these courts have held that "the states have been given, subject to their consent, exclusive subject matter jurisdiction over private actions authorized by the [TCPA]." *Int'l Science & Tech. Inst., Inc. v. Inacom Communications, Inc.,* 106 F.3d 1146 (4th Cir. 1997).  This includes the Second, Third, Fourth, Fifth, Sixth, Ninth and Eleventh Circuits.

In *ErieNet, supra,* for example, the Third Circuit Court of Appeals observed that "*[e]very court of appeals to consider the question has held that the TCPA does not grant federal court*

*jurisdiction over*" private causes of action under the TCPA. *Id.* (emphasis added), citing *Nicholson v. Hooters of Augusta, Inc.,* 136 F.3d 1287 (11th Cir. 1998); *Chair King, Inc. v. Houston Cellular Corp.,* 131 F.3d 507 (5th Cir. 1997); and *Int'l Science, supra.* In that case, the plaintiffs (an internet service provider and several individual plaintiffs) brought suit against the defendant alleging that it violated the TCPA by sending unsolicited email messages to ErieNet subscribers. The District Court held that it lacked jurisdiction over the plaintiffs' claims, and the plaintiffs appealed. On appeal, the Third Circuit Court of Appeals held that "Congress intended that private enforcement suits under the TCPA be brought in state, and not federal, courts," and therefore affirmed the District Court.

Important to the *ErieNet* court's analysis was the fact that "there is no presumption of jurisdiction in the federal courts." *ErieNet, supra,* citing *Sheldon, supra.* While "state courts are courts of general jurisdiction," the "federal courts are courts of only limited jurisdiction." *Id.* As such, "'if a statute authorizes suit in state courts of general jurisdiction through the use of the term 'may,' that authorization cannot confer jurisdiction on a federal court because federal courts are competent to hear only those cases specifically authorized.'" *Id.,* quoting *Int'l Science, supra.* Put differently, "[t]he permissive authorization of jurisdiction in state courts does not imply that jurisdiction is also authorized in federal courts." *Id.* As applied to private causes of action brought under the TCPA, the court held that the "most natural reading of [§ 227(b)(3)] is that Congress intended to authorize private causes of action *only* in state courts, and to withhold federal jurisdiction." *Id.* (emphasis in original).

The *ErieNet* court found support for its interpretation of 47 U.S.C. § 227(b)(3) by reviewing the structure of the Act as a whole. Specifically, the court held that:

> It is apparent from a review of the TCPA and the Communications Act that Congress consciously drew careful jurisdictional distinctions. For example, in §227(f)(2) of the TCPA, Congress expressly mandates exclusive federal court jurisdiction over TCPA actions

> brought by states on behalf of their residents. The statute specifically
> addresses venue, service of process, and possible conflicts with FCC
> enforcement efforts. In § 227(b)(3), however, Congress does not
> even allude to these issues in connection with the private enforcement
> action at issue here. The Fifth Circuit has interpreted this as an
> indication of Congress' intent to limit such private actions to state
> courts. *In other parts of the Communications Act, where Congress
> intended to authorize concurrent jurisdiction, it did so expressly. Its
> failure to provide for concurrent jurisdiction under § 227(b)(3) is
> therefore significant.*

*Id.* (emphasis added, internal citations omitted). As such, the court concluded that, "looking to the

statute as a whole, and attempting to give effect to every provision, we find that the explicit reference

to state courts, and the absence of any reference to federal courts, reflects Congress' intent to

withhold jurisdiction over such consumer suits in federal court." *Id.*

The United States Court of Appeals for the Sixth Circuit has also held that the fact that

federal district courts lack subject matter jurisdiction over private causes of action under the TCPA is

"well-settled." *Dun-Rite Construction, Inc. v. Amazing Tickets, Inc.,* 2004 U.S. App. LEXIS 28047

(6th Cir. 2004) (Ex. A). The plaintiff in *Dun-Rite* brought suit in Ohio state court against the

defendant alleging, *inter alia,* that the defendant violated the TCPA. The defendant removed the

action to the United States District Court for the Northern District of Ohio. The plaintiffs argued that

the district court lacked jurisdiction over its TCPA claim, and therefore filed a motion to remand the

case to state court. The district court agreed with the plaintiffs, remanded the case to state court, and

awarded the plaintiffs costs and attorney fees. The defendant appealed.

In affirming the District Court's award of attorney fees on appeal, the United States Court of

Appeals for the Sixth Circuit held that "[the defendant] did not have an arguable basis for removal."

*Id.* Rather, according to the court, and contrary to the defendant's argument on appeal, "state courts'

maintenance of *exclusive* jurisdiction over private rights of action under the TCPA and federal

courts' concomitant lack of jurisdiction to hear such private claims are well-settled." *Id.* (emphasis

added).  As such, the court held that the district court did not abuse its discretion in awarding the plaintiffs attorney fees and affirmed the district court's holding.

For other cases holding that federal district courts lack subject matter jurisdiction over private causes of action under the TCPA, please see, e.g., *Murphy v. Lanier,* 204 F.3d 911 (9th Cir. 2000); *Foxhall Realty Law Offices, Inc. v. Telecomms. Premium Servs., Ltd.,* 156 F.3d 432 (2nd Cir. 1998); *Nicholson v. Hooters of Augusta, Inc.,* 139 F.3d 1287 (11th Cir. 1998); *Chair King, Inc. v. Houston Cellular Corp.,* 131 F.3d 507 (5th Cir. 1997); *Int'l Science & Tech. Inst., Inc. v. Inacom Communications, Inc.,* 106 F.3d 1146 (4th Cir. 1997).

In response to this Motion, Plaintiff is sure to argue that this court should adopt the reasoning of the United States Courts of Appeals for the Seventh Circuit's opinion in *Brill v. Countrywide Home Loans, Inc.,* 427 F.3d 446 (7th Cir. 2005).  The Seventh Circuit is the only circuit that has held that a federal district court has subject matter jurisdiction over a private TCPA claim.  Plaintiff will also likely argue that this Court is free to adopt the reasoning of *Brill* based on dicta contained in the United States Court of Appeals for the Sixth Circuit's opinion in *Charvat v. GVN Michigan, Inc.,* 561 F.3d 623, 627 n. 2 (6th Cir. 2009) (commenting, in dicta, that "the existence or non-existence of federal-question jurisdiction over private TCPA claims is not a settled question").

This Court must reject Plaintiff's invitation to adopt *Brill*.  This Court rejected identical arguments just two months ago in *APB Associates, Inc. v. Bronco's Saloon, Inc.,* 2010 U.S. Dist. LEXIS 19301 (E.D. Mich., March 4, 2010) (Ex. B) and *Machesny v. Lar-Bev of Howell,* 2010 U.S. Dist. LEXIS 19315 (E.D. Mich., March 4, 2010) (Ex. C.).  The plaintiffs in both *ABP Associates* and *Machesny* were represented by the same counsel representing Plaintiff in the case at bar.  In both of these cases, the plaintiffs made the argument discussed above in response to this Court's order to

- 11 -

show cause why those cases should not be dismissed for lack of subject matter jurisdiction. This

Court, the Honorable Sean F. Cox presiding, rejected the plaintiffs' argument and held that:

> Given the Sixth Circuit's statements in *Dun-Rite Construction, Inc.,*
> along with the fact that the majority of the circuits that have addressed
> the issue have concluded that federal courts do not have federal-
> question jurisdiction over private TCPA claims, *this Court concludes
> that it does not have subject matter jurisdiction over this matter.* The
> Sixth Circuit, when ultimately presented with this issue, may disagree
> with the majority view. Based on the authority that currently exists
> today, however, this Court is not persuaded that it may exercise
> federal-question jurisdiction over this action.
>
> Accordingly, IT IS ORDERED that this action is DISMISSED FOR
> LACK OF SUBJECT MATTER JURISDICTION.

*APB Associates, Inc., supra.* See also, *Machesny, supra.* As such, in accordance with the foregoing

authority, it is clear that this Court lacks subject matter jurisdiction over Plaintiff's private cause of

action under the TCPA, and its Complaint must therefore be dismissed.

## B. 28 U.S.C. § 1331 does not grant this Court subject matter jurisdiction over Plaintiff's claim.

In addition to the TCPA, Plaintiff's Complaint also alleges that this Court has subject matter

jurisdiction over its claim pursuant to 28 U.S.C. § 1331, which grants federal district courts

jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."

The court in *ErieNet, supra,* rejected an identical argument involving a private cause of action under

the TCPA. The phrase 'arising under' "eludes precise definition. *ErieNet, supra.* However, "Justice

Holmes articulated the most common definition: '[a] suit arises under the law that creates the cause

of action.'" *Id.,* quoting *American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257 (1916).

The federal courts have "recognized two tests that generally apply to a court's assessment of

federal question jurisdiction" under § 1331. *ErieNet, supra.* "First, the question is whether federal

law creates the cause of action." *Id.,* citing *Franchise Tax Board v. Construction Laborers Vacation*

*Trust,* 463 U.S. 1 (1983), *Virgin Islands Housing Auth. v. Coastal General Constr. Serv. Corp.,* 27 F.3d 911 (3rd Cir. 1994).  If federal law does not create the cause of action, "the second inquiry is whether the complaint poses a substantial federal question." *Id.*

As applied to private causes of action under the TCPA, the *ErieNet* court held that, although federal law creates the cause of action, the more specific provisions of the TCPA itself preempts § 1331's general grant of jurisdiction.  Specifically, the court held that "'to establish a cause of action in district court under section 1331 [the plaintiffs] must show first that their action…'arises under'…[federal law] and second that section 1331 jurisdiction is not preempted by a more specific statutory provision conferring exclusive jurisdiction elsewhere.'" *Id.,* quoting *Connors v. Amax Coal Co., Inc.,* 858 F.2d 1226 (7th Cir. 1998).  Based on the fact that "statutes purporting to confer federal jurisdiction are to be construed narrowly, with ambiguities resolved against a finding of federal jurisdiction," the *ErieNet* court concluded that:

> because the TCPA reflects Congress' intent to authorize consumer
> suits in state courts only, and because it is 'a more specific statutory
> provision conferring exclusive jurisdiction elsewhere,' appellants
> cannot rely on the general federal question jurisdiction of § 1331.

*Id.,* citing *Mars Inc. v. Kabushiki-Kaisha Conlux,* 24 F.3d 1368 (Fed. Cir. 1994), *Boelens v. Redman Homes, Inc.,* 748 F.2d 1058 (5th Cir. 1984).

With respect to the second test, the *ErieNet* court noted that, "[g]enerally, courts refer to this test when the first test is not met, namely, when there is no federal cause of action." *Id.,* citing *Merrell Dow Pharmaceuticals v. Thompson,* 478 U.S. 804 (1986).  With respect to a private cause of action under the TCPA, however, "federal law *is* the source of [the plaintiffs'] cause of action, but refers litigants to state court only." *Id.*  As such, the court concluded that, "regardless of the presence of a substantial federal question, Congress' intent to preclude consumer suits under TCPA in federal court trumps the general grant of federal question jurisdiction in § 1331." *Id.,* citing *Connors v.*

*Amax Coal Co., Inc.,* 858 F.2d 1226 (7th Cir. 1988). As such, in accordance with the foregoing authority, it is clear that this Court lacks subject matter jurisdiction over Plaintiff's private cause of action under § 1331, and its Complaint must therefore be dismissed.

### CONCLUSION

WHEREFORE Defendants, Rodnick Bros., Inc., Rodnick Fruit and Gift Baskets, Inc., and Rodnick International, LLC, respectfully request that this Court enter an order dismissing Plaintiff's Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1) in accordance with the foregoing, together with an award of costs, interest and attorney fees incurred in defending this action.

Respectfully submitted,

**SECREST WARDLE**

By: /s/ John G. Mitchell
JOHN G. MITCHELL (P39892)
Attorney for Defendants
30903 Northwestern Highway
P.O. Box 3040
Farmington Hills, MI 48333
(248) 851-9500
jmitchell@secrestwardle.com

Dated: May 10, 2010

### CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notifications of such filing to the following: Jason J. Thompson; Brian Wanca.

/s/ John G. Mitchell
JOHN G. MITCHELL (P39892)
Attorney for Defendants
**SECREST WARDLE**
30903 Northwestern Highway
P.O. Box 3040
Farmington Hills, MI 48333
(248) 851-9500
jmitchell@secrestwardle.com

1418614_1

- 14 -

# EXHIBIT A

LEXSEE



Positive
As of: May 10, 2010

**DUN-RITE CONSTRUCTION, INC., et al., Plaintiffs-Appellees, v. AMAZING TICKETS, INC., Defendant-Appellant.**

No. 04-3216

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

2004 U.S. App. LEXIS 28047

**December 16, 2004, Filed**

**NOTICE:** [*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**PRIOR HISTORY:** Dun-Rite Constr., Inc. v. Amazing Tickets, Inc., 2004 U.S. Dist. LEXIS 3914 (N.D. Ohio, Jan. 16, 2004)

**DISPOSITION:** Affirmed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Appellant company sought judicial review of a decision by the district court granting appellees', a construction company and other companies, motion for attorney fees available under 28 U.S.C.S. § 1447(c).

**OVERVIEW:** The record reflected that the company did not have an arguable basis for removal. Contrary to its argument on appeal, state courts' maintenance of exclusive jurisdiction over private rights of action under the Telephone Consumer Protection Act, 47 U.S.C.S. § 227, and the federal courts' concomitant lack of jurisdiction to hear such private claims were well-settled. The company filed a notice of removal asserting jurisdictional bases unsupported by existing law and maintained that tenuous position by opposing appellees' motion to remand. The district court's award of attorney fees was not an abuse of discretion. Since § 1447(c) did not require that appellees request attorney fees in their motion to remand, the company's argument that the award of attorney fees was an abuse of discretion because the appellees did not request such an award was without merit. The company's argument that the $ 1,800 awarded was unreasonable and excessive was also without merit. Finally, contrary to the company's argument, the district court clearly explained its reasons for awarding attorney fees in the case.

**OUTCOME:** The order of the district court was affirmed.

**CORE TERMS:** attorney fees, removal, notice, abuse of discretion, reply, oral argument, order remanding, awarding

**LexisNexis(R) Headnotes**

*Civil Procedure > Removal > Postremoval Remands > General Overview*
*Civil Procedure > Appeals > Standards of Review > Abuse of Discretion*
*Civil Procedure > Appeals > Standards of Review > Clearly Erroneous Review*
[HN1]An appellate court reviews for abuse of discretion a district court's decision on whether to award attorney fees under 28 U.S.C.S. § 1447(c). A district court abuses its discretion when it relies on clearly erroneous findings

of fact, or when it improperly applies the law or uses an erroneous legal standard.

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview*
*Civil Procedure > Removal > Postremoval Remands > General Overview*
*Civil Procedure > Remedies > Costs & Attorney Fees > General Overview*
[HN2]See 28 U.S.C.S. § 1447(c).

*Civil Procedure > Removal > Postremoval Remands > General Overview*
*Civil Procedure > Remedies > Costs & Attorney Fees > General Overview*
[HN3]A finding of improper purpose or bad faith is not necessary to support an award under 28 U.S.C.S. § 1447(c). An award of fees is inappropriate where the defendant's attempt to remove the case to the federal court was fairly supportable.

*Civil Procedure > Removal > Postremoval Remands > Appellate Review*
*Civil Procedure > Remedies > Costs & Attorney Fees > General Overview*
*Civil Procedure > Appeals > Standards of Review > De Novo Review*
[HN4]Although an order remanding a case to state court is not reviewable, review of a fee award under 28 U.S.C.S. § 1447(c) must include a de novo examination of whether the remand order was legally correct.

*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > Exclusive Jurisdiction*
*Civil Procedure > Removal > Postremoval Remands > General Overview*
*Communications Law > Privacy > Telephone Consumer Protection Act*
[HN5]The state courts' maintenance of exclusive jurisdiction over private rights of action under the Telephone Consumer Protection Act, 47 U.S.C.S. § 227, and the federal courts' concomitant lack of jurisdiction to hear such private claims were well-settled. and federal courts' concomitant lack of jurisdiction to hear such private claims are well-settled.

*Civil Procedure > Removal > Postremoval Remands > Jurisdictional Defects*

*Civil Procedure > Remedies > Costs & Attorney Fees > General Overview*
[HN6]28 U.S.C.S. § 1447(c) does not require that a request for attorney fees be made in the motion to remand.

**COUNSEL:** For DUN-RITE CONSTRUCTION, INC., et al., Plaintiff -- Appellee: Eric J. Moore, Northfield, OH; James C. Watson, Lakewood, OH.

For AMAZING TICKETS, INC., Defendant -- Appellant: Leonard F. Carr, Leonard F. Carr Company, Mayfield Heights, OH; L. Bryan Carr, L. Bryan Carr Company, Mayfield Heights, OH.

**JUDGES:** Before: GIBBONS and ROGERS, Circuit Judges; BELL, District Judge. *

> *   The Honorable Robert Holmes Bell, United States Chief District Judge for the Western District of Michigan, sitting by designation.

**OPINION**

ORDER

The defendant, Amazing Tickets, Inc. ("Amazing Tickets"), appeals a district court's decision granting an award of attorney fees available under 28 U.S.C. § 1447. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a) [*2] .

Plaintiffs Dun-Rite Construction, Inc., Clockwork Courier, Inc., Schalmo Builders, Inc., Tower City Agency, Inc., and Geotech Services, Inc., filed their complaint in the Cuyahoga Falls Municipal Court in Cuyahoga County, Ohio, on October 16, 2003. Plaintiffs' two-count complaint alleged violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Ohio Consumer Sales Practices Act, Section 1345.02(A) of the Ohio Revised Code. Service was effected on Amazing Tickets on October 27, 2003. Amazing Tickets filed a timely notice of removal, pursuant to 28 U.S.C. § 1446, on November 13, 2003. In its notice of removal, Amazing Tickets alleged that the district court had jurisdiction over plaintiffs' TCPA claims, pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over their state law claims, pursuant to 28 U.S.C. § 1367.

On December 15, 2003, plaintiffs filed a motion to remand the case to the Cuyahoga Falls Municipal Court. Plaintiffs argued that the district court lacked jurisdiction because private actions to enforce the TCPA [*3] must be heard in state court. On December 22, 2003, Amazing Tickets filed its opposition to plaintiffs' motion. Plaintiffs then filed a reply accompanied with a request for attor-

ney fees pursuant to 28 U.S.C. § 1447(c). On January 6, 2004, Amazing Tickets responded with a combined motion to strike reply and sur-reply, requesting the district court to strike plaintiffs' reply, deny the request for sanctions, and retain jurisdiction. Then, less than a week later, on January 14, 2004, Amazing Tickets withdrew its notice of removal.

In an order filed January 16, 2004, the district court granted plaintiffs' motion for remand and awarded plaintiffs' attorney fees in the amount of $ 1,800. Amazing Tickets appeals the award of attorney fees.

[HN1]We review for abuse of discretion a district court's decision on whether to award attorney fees under 28 U.S.C. § 1447(c). See Morris v. Bridgestone/Firestone Inc., 985 F.2d 238, 240 (6th Cir. 1993); Stallworth v. Greater Cleveland Reg'l Transit Auth., 105 F.3d 252, 258 (6th Cir. 1997); see also Bucary v. Rothrock, 883 F.2d 447 (6th Cir. 1989). "A district [*4] court abuses its discretion when it relies on clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." Christian Schmidt Brewing Co. v. G. Heileman Brewing Co., 753 F.2d 1354, 1356 (6th Cir. 1985).

Section 1447 provides in pertinent part:

> [HN2]If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. . . .

28 U.S.C. § 1447(c). [HN3]A finding of improper purpose or bad faith is not necessary to support an award under § 1447(c). Morris, 985 F.2d at 240. An award of fees is inappropriate where the defendant's attempt to remove the case to the federal court was fairly supportable. See Schmitt v. Ins. Co., 845 F.2d 1546, 1552 (9th Cir. 1988). [HN4]Although an order remanding a case to state court is not reviewable, see 28 U.S.C. § 1447(d), "review of a fee award under § 1447(c) must include a de novo examination [*5] of whether the remand order was legally correct," Gibson v. Chrysler Corp., 261 F.3d 927, 932 (9th Cir. 2001) (citation and quotation marks omitted).

The record reflects that Amazing Tickets did not have an arguable basis for removal. Contrary to Amazing Tickets' argument on appeal, [HN5]state courts' maintenance of exclusive jurisdiction over private rights of action under the TCPA and federal courts' concomitant lack of jurisdiction to hear such private claims are well-settled. See Murphey v. Lanier, 204 F.3d 911, 915 (9th Cir. 2000); ErieNet, Inc. v. Velocity Net, Inc., 156 F.3d 513, 519 (3d Cir. 1998); Foxhall Realty Law Office Inc. v. Telecomms. Premium Servs., Ltd., 156 F.3d 432, 434 (2d Cir. 1998); Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287, 1289 (11th Cir. 1998), modified in 140 F.3d 898 (11th Cir. 1998); and Int'l Science & Tech. Inst., Inc. v. Houston Cellular Corp., 131 F.3d 507, 514 (5th Cir. 1997).

Upon review, we conclude that because Amazing Tickets filed a notice of removal asserting jurisdictional bases unsupported by existing law and maintained [*6] this tenuous position by opposing plaintiffs' motion to remand, the district court's award of attorney fees was not an abuse of discretion.

Amazing Tickets argues that the award of attorney fees was an abuse of discretion because the plaintiffs did not request attorney fees in their motion to remand. This argument is without merit. [HN6]Section 1447(c) does not require that a request for attorney fees be made in the motion to remand. Furthermore, neither of the cases cited by Amazing Tickets in support of this argument awarded attorney fees pursuant to § 1447(c).

Amazing Tickets also argues that the fees awarded were unreasonable and excessive. Amazing Tickets' argument is without merit. The award of $ 1,800 is reasonable, just and appropriate given the work performed by plaintiffs' counsel and the circumstances of the case.

Finally, contrary to Amazing Tickets' argument, the district court clearly explained its reasons for awarding attorney fees in this case. The district court clearly stated that Amazing Tickets lacked a reasonable basis to remove this case initially and continued with frivolous arguments in the face of overwhelming authority to the contrary.

Accordingly, the district [*7] court order awarding attorney fees is affirmed.

**MANDATE**

Pursuant to the court's disposition that was filed 12/16/04 the mandate for this case hereby issues today. Affirmed.

No costs taxed

2004 U.S. App. LEXIS 28047, *

| No costs taxed | |
| --- | --- |
| Filing Fee | $ |
| Printing | $ |
| Total | $ |

# EXHIBIT B

LEXSEE



Cited
As of: May 10, 2010

**APB Associates, Inc., A Michigan corporation, individually and as the representative of a class of similarly situated persons, Plaintiff, v. Bronco's Saloon, Inc., et al., Defendants.**

**Case No.: 09-14959**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

**2010 U.S. Dist. LEXIS 19301**

**March 4, 2010, Decided**
**March 4, 2010, Filed**

**CORE TERMS:** matter jurisdiction, federal-question, asserting, majority view, putative class action, sua sponte, private rights of action, attorney fees, diversity jurisdiction, jurisdictional, diversity, consumer, removal, joined

**COUNSEL:** [*1] For APB Associates, Inc., Plaintiff: Jason J. Thompson, Sommers Schwartz, P.C., Southfield, MI.

For Bronco's Saloon, Inc., Bronco's Entertainment, Ltd., River Entertainment, LLC, 31650 West Eight Mile, Inc., Defendants: John R. Prew, Harvey Kruse, Troy, MI.

For T & R Enterprises, Inc., Defendant: Wayne A. Geik, Kallas & Henk, Bloomfield Hills, MI.

**JUDGES:** Honorable Sean F. Cox, United States District Judge.

**OPINION BY:** Sean F. Cox

**OPINION**

**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff filed this putative class action on December 22, 2009, asserting that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under 47 U.S.C. § 227, the Telephone Consumer Protection Act ("TCPA"). (Compl. at P 6). This action is one of two recently filed putative class actions asserting TCPA claims that has been assigned to this Court. [1]

1   It appears that Plaintiff's Counsel has also recently filed several other similar actions in the Eastern District of Michigan.

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). [*2] This Court takes its obligation to investigate and police the boundaries of its jurisdiction very seriously, especially considering that a judgment may be vacated at any time, even on appeal, for lack of subject matter jurisdiction. *Sterling v. Velsicol Chemical Corp.*, 855 F.2d 1188, 1195 (6th Cir. 1988). Having reviewed Plaintiff's complaint, the relevant provisions of the TCPA, and *Dun-Rite Construction, Inc. v. Amazing Tickets, Inc.*, 2004 U.S. App. LEXIS 28047, 2004 WL 3239533 (6th Cir. 2004), this Court was not persuaded that it has subject matter jurisdiction over this action. Accordingly, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. (Docket Entry No. 7).

On January 21, 2010, Plaintiff filed a timely response to this Court's Order to Show Cause. (Docket Entry No. 8).

Having reviewed Plaintiff's response, and the limited Sixth Circuit authority on this issue, the Court concludes that it does not have subject matter jurisdiction over this action.

In *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 516 (3d Cir. 1998), the Third Circuit noted that "[e]very court of appeals to consider the question has held that the TCPA does not grant [*3] federal court jurisdiction" over private causes of action. The Third Circuit joined those circuits and affirmed the district court's order dismissing the plaintiff's TCPA claims for lack of subject matter jurisdiction.

In *Dun-Rite Construction, Inc.*, the plaintiffs filed suit in state court, asserting claims under the TCPA and consumer protection act claims. *Dun-Rite Construction, Inc. v. Amazing Tickets, Inc.*, 2004 U.S. App. LEXIS 28047, 2004 WL 3239533 (6th Cir. 2004). Defendant then removed the action to federal court, asserting that federal-question jurisdiction existed over the TCPA claims. Plaintiffs then filed a Motion to Remand, arguing that the "district court lacked jurisdiction because private actions to enforce the TCPA must be heard in state court." 2004 U.S. App. LEXIS 28047, [WL] at *1. The district court granted the motion to remand and awarded plaintiffs attorney fees under 28 U.S.C. § 1447(c). The Sixth Circuit affirmed. In doing so, the court noted that an "award of fees is inappropriate where the defendant's attempt to remove the case to the federal court was fairly supportable." 2004 U.S. App. LEXIS 28047, [WL] at *2. The court concluded, however, that Defendant "did not have an arguable basis for removal," explaining:

> Contrary to [Defendant's] argument [*4] on appeal, **state courts' maintenance of exclusive jurisdiction over private rights of action under the TCPA and federal courts' concomitant lack of jurisdiction to hear such private claims are well-settled.** See *Murphey v. Lanier, 204 F.3d 911, 915 (9th Cir. 2000); ErieNet, Inc. v. Velocity Net, Inc., 156 F.3d 513, 519 (3d Cir. 1998); Foxhall Realty Law Office, Inc. v. Telecomms. Premium Servs., Ltd., 156 F.3d 432, 434 (2d Cir. 1998); Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287, 1289 (11th Cir. 1998),* modified in *140 F.3d 898 (11th Cir. 1998);* and *Chair King v. Houston Cellular Corp., 131 F.3d 507, 514 (5th Cir. 1997).*

> Upon review, we conclude that because [Defendant] filed a notice of removal asserting jurisdictional bases unsupported by existing law and maintained

this tenuous position by opposing plaintiffs' motion to remand, the district court's award of attorney fees was not an abuse of discretion.

*Id.* (emphasis added).

A different panel of the Sixth Circuit recently commented about this jurisdictional issue again in *Charvat v. GVN Michigan, Inc.*, 561 F.3d 623 (6th Cir. 2009). In *Charvat*, the plaintiffs asserted TCPA claims against defendants based [*5] on diversity jurisdiction. The district court *sua sponte* dismissed the action for lack of subject matter jurisdiction and plaintiffs appealed.

The Sixth Circuit assumed "without deciding that a federal court has diversity jurisdiction over private TCPA claims under § 1332 if the requirements of the diversity statute are met." *Id.* at 628. The Sixth Circuit did not decide the issue, however, because it concluded that the amount-in-controversy element was not met. The panel that decided *Charvat* expressed doubt as to the majority view as to whether federal-question jurisdiction exists over TCPA claims, albeit in *dicta* contained in a footnote:

> Charvat's complaint asserts subject-matter jurisdiction solely on the basis of the diversity statute, 28 U.S.C. § 1332. At no point in the proceedings has Charvat argued that another basis of jurisdiction, such as federal-question jurisdiction under 28 U.S.C. § 1331, is applicable. The district court noted that federal-question jurisdiction was not available over private TCPA claims because Congress created a private right of action in state court. *GVN, 531 F.Supp.2d at 925.*

> **We note that the existence or non-existence of federal-question jurisdiction** [*6] **over private TCPA claims is not a settled question. Although six federal circuit courts have concluded that federal courts do not have federal-question jurisdiction over private TCPA claims,** *Murphey v. Lanier, 204 F.3d 911, 915 (9th Cir. 2000); Foxhall Realty Law Offices, Inc. v. Telecomms. Premium Servs., Ltd., 156 F.3d 432, 435 (2d Cir. 1998); ErieNet, Inc. v. Velocity Net, Inc., 156 F.3d 513, 519 (3d Cir. 1998); Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287, 1289 (11th Cir. 1998); Chair King, Inc. v. Houston Cellular Corp., 131 F.3d 507, 514 (5th Cir.*

2010 U.S. Dist. LEXIS 19301, *

1997); *International Science & Tech. Inst. v. Inacom Communs.*, 106 F.3d 1146, 1156 (4th Cir. 1997), **a decision from the Seventh Circuit and then-Judge Alito's dissent from a Third Circuit opinion raise serious questions about the majority view,** *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 450-51 (7th Cir. 2005) (Easterbrook, J., joined by Posner & Rovner, J.J.); *ErieNet*, 156 F.3d at 521-23 (Alito, J., dissenting). **Because, however, Charvat did not assert federal-question jurisdiction in his complaint and has not contested the district court's statement that federal-question jurisdiction was not present, we will not** [*7] **address this question here.**

*Charvat*, 561 F.3d at 627 n.2.

Given the Sixth Circuit's statements in *Dun-Rite Construction, Inc.*, along with the fact that the majority of the circuits that have addressed the issue have concluded that federal courts do not have federal-question jurisdiction over private TCPA claims, this Court concludes that it does not have subject matter jurisdiction over this matter. The Sixth Circuit, when ultimately presented with this issue, may disagree with the majority view. Based on the authority that currently exists today, however, this Court is not persuaded that it may exercise federal-question jurisdiction over this action.

Accordingly, IT IS ORDERED that this action is DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

IT IS SO ORDERED.

/s/ Sean F. Cox

Sean F. Cox

United States District Judge

Dated: March 4, 2010

**EXHIBIT C**

LEXSEE



Cited
As of: May 10, 2010

**Shari Machesney, individually and as the representative of a class of similarly situated persons, Plaintiff, v. Lar-Bev of Howell, et al., Defendants.**

**Case No.: 10-10085**

**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN, SOUTHERN DIVISION**

**2010 U.S. Dist. LEXIS 19315**

**March 4, 2010, Decided**
**March 4, 2010, Filed**

**CORE TERMS:** matter jurisdiction, federal-question, asserting, majority view, putative class action, sua sponte, private rights of action, attorney fees, diversity jurisdiction, jurisdictional, diversity, consumer, removal, joined

**COUNSEL:** [*1] For Shari Machesney, Plaintiff: Jason J. Thompson, Sommers Schwartz, P.C., Southfield, MI.

**JUDGES:** Honorable Sean F. Cox, United States District Judge.

**OPINION BY:** Sean F. Cox

**OPINION**

**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff filed this putative class action on January 11, 2010, asserting that this Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under 47 U.S.C. § 227, the Telephone Consumer Protection Act ("TCPA"). (Compl. at P 6). This action is one of two recently filed putative class actions asserting TCPA claims that has been assigned to this Court. [1]

---

1   It appears that Plaintiff's Counsel has also recently filed several other similar actions in the Eastern District of Michigan.

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte.*" *Answers in Genesis of Ky., Inc. v. Creation Ministries Intern., Ltd.,* 556 F.3d 459, 465 (6th Cir. 2009). This Court takes its obligation to investigate and police the boundaries of its jurisdiction very seriously, especially considering that a judgment may be vacated at any time, even on appeal, for lack of subject matter jurisdiction. [*2] *Sterling v. Velsicol Chemical Corp.,* 855 F.2d 1188, 1195 (6th Cir. 1988). Having reviewed Plaintiff's complaint, the relevant provisions of the TCPA, and *Dun-Rite Construction, Inc. v. Amazing Tickets, Inc.,* 2004 U.S. App. LEXIS 28047, 2004 WL 3239533 (6th Cir. 2004), this Court was not persuaded that it has subject matter jurisdiction over this action. Accordingly, the Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. (Docket Entry No. 3).

On January 21, 2010, Plaintiff filed a timely response to this Court's Order to Show Cause. (Docket Entry No. 5).

Having reviewed Plaintiff's response, and the limited Sixth Circuit authority on this issue, the Court concludes that it does not have subject matter jurisdiction over this action.

In *ErieNet, Inc. v. Velocity Net, Inc.,* 156 F.3d 513, 516 (3d Cir. 1998), the Third Circuit noted that "[e]very court of appeals to consider the question has held that the TCPA does not grant federal court jurisdiction" over private causes of action. The Third Circuit joined those

circuits and affirmed the district court's order dismissing the plaintiff's TCPA claims for lack of subject matter jurisdiction.

In *Dun-Rite Construction,* [*3] *Inc.,* the plaintiffs filed suit in state court, asserting claims under the TCPA and consumer protection act claims. *Dun-Rite Construction, Inc. v. Amazing Tickets, Inc.,* 2004 U.S. App. LEXIS 28047, 2004 WL 3239533 (6th Cir. 2004). Defendant then removed the action to federal court, asserting that federal-question jurisdiction existed over the TCPA claims. Plaintiffs then filed a Motion to Remand, arguing that the "district court lacked jurisdiction because private actions to enforce the TCPA must be heard in state court." 2004 U.S. App. LEXIS 28047, [WL] at * 1. The district court granted the motion to remand and awarded plaintiffs attorney fees under 28 U.S.C. § 1447(c). The Sixth Circuit affirmed. In doing so, the court noted that an "award of fees is inappropriate where the defendant's attempt to remove the case to the federal court was fairly supportable." 2004 U.S. App. LEXIS 28047, [WL] at * 2. The court concluded, however, that Defendant "did not have an arguable basis for removal," explaining:

> Contrary to [Defendant's] argument on appeal, **state courts' maintenance of exclusive jurisdiction over private rights of action under the TCPA and federal courts' concomitant lack of jurisdiction to hear such private claims are well-settled.** *See Murphey v. Lanier,* 204 F.3d 911, 915 (9th Cir. 2000); [*4] *ErieNet, Inc. v. Velocity Net, Inc.,* 156 F.3d 513, 519 (3d Cir. 1998); *Foxhall Realty Law Office, Inc. v. Telecomms. Premium Servs., Ltd.,* 156 F.3d 432, 434 (2d Cir. 1998); *Nicholson v. Hooters of Augusta, Inc.,* 136 F.3d 1287, 1289 (11th Cir. 1998), modified in 140 F.3d 898 (11th Cir. 1998); and *Int'l Science & Tech. Inst., Inc. v. Houston Cellular Corp.,* 131 F.3d 507, 514 (5th Cir. 1997).

> Upon review, we conclude that because [Defendant] filed a notice of removal asserting jurisdictional bases unsupported by existing law and maintained this tenuous position by opposing plaintiffs' motion to remand, the district court's award of attorney fees was not an abuse of discretion.

*Id.* (emphasis added).

A different panel of the Sixth Circuit recently commented about this jurisdictional issue again in *Charvat v. GVN Michigan, Inc.,* 561 F.3d 623 (6th Cir. 2009). In *Charvat,* the plaintiffs asserted TCPA claims against defendants based on diversity jurisdiction. The district court *sua sponte* dismissed the action for lack of subject matter jurisdiction and plaintiffs appealed.

The Sixth Circuit assumed "without deciding that a federal court has diversity jurisdiction over private TCPA claims under [*5] § 1332 if the requirements of the diversity statute are met." *Id.* at 628. The Sixth Circuit did not decide the issue, however, because it concluded that the amount-in-controversy element was not met. The panel that decided *Charvat* expressed doubt as to the majority view as to whether federal-question jurisdiction exists over TCPA claims, albeit in *dicta* contained in a footnote:

> Charvat's complaint asserts subject-matter jurisdiction solely on the basis of the diversity statute, 28 U.S.C. § 1332. At no point in the proceedings has Charvat argued that another basis of jurisdiction, such as federal-question jurisdiction under 28 U.S.C. § 1331, is applicable. The district court noted that federal-question jurisdiction was not available over private TCPA claims because Congress created a private right of action in state court. *GVN,* 531 F.Supp.2d at 925.

> **We note that the existence or non-existence of federal-question jurisdiction over private TCPA claims is not a settled question. Although six federal circuit courts have concluded that federal courts do not have federal-question jurisdiction over private TCPA claims,** *Murphey v. Lanier,* 204 F.3d 911, 915 (9th Cir. 2000); *Foxhall Realty Law Offices, Inc. v. Telecomms. Premium Servs., Ltd.,* 156 F.3d 432, 435 (2d Cir. 1998); [*6] *ErieNet, Inc. v. Velocity Net, Inc.,* 156 F.3d 513, 519 (3d Cir. 1998); *Nicholson v. Hooters of Augusta, Inc.,* 136 F.3d 1287, 1289 (11th Cir. 1998); *Chair King, Inc. v. Houston Cellular Corp.,* 131 F.3d 507, 514 (5th Cir. 1997); *Int'l Sci. & Tech. Inst., Inc. v. Inacom Commc'ns, Inc.,* 106 F.3d 1146, 1156 (4th Cir. 1997), **a decision from the Seventh Circuit and then-Judge Alito's dissent from a Third Circuit opinion raise serious questions about the majority view,** *Brill v. Countrywide Home Loans, Inc.,*

2010 U.S. Dist. LEXIS 19315, *

427 F.3d 446, 450-51 (7th Cir. 2005) (Easterbrook, J., joined by Posner & Rovner, J.J.); *ErieNet*, 156 F.3d at 521 (Alito, J., dissenting). **Because, however, Charvat did not assert federal-question jurisdiction in his complaint and has not contested the district court's statement that federal-question jurisdiction was not present, we will not address this question here.**

*Charvat*, 561 F.3d at 627 n.2.

Given the Sixth Circuit's statements in *Dun-Rite Construction, Inc.*, along with the fact that the majority of the circuits that have addressed the issue have concluded that federal courts do not have federal-question jurisdiction over private TCPA claims, this Court concludes that it does not [*7] have subject matter jurisdiction over this matter. The Sixth Circuit, when ultimately presented with this issue, may disagree with the majority view. Based on the authority that currently exists today, however, this Court is not persuaded that it may exercise federal-question jurisdiction over this action.

Accordingly, IT IS ORDERED that this action is DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

IT IS SO ORDERED.

/s/ Sean F. Cox

Sean F. Cox

United States District Judge

Dated: March 4, 2010